UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| ROSE GRIFFIN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 3:21-CV-100-KAC-DCP |
| | ) |
| THE COPPER CELLAR CORPORATION, | ) |
| | ) |
| Defendant. | ) |

## REPORT AND RECOMMENDATION

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and the referral Order [Doc. 235] by United States District Judge Katherine A. Crytzer.

Now before the Court is Plaintiff's Motion for Award of Prejudgment Interest on Backpay [Doc. 212]. Defendant has responded in opposition to the Motion [Doc. 213], and Plaintiff has replied [Doc. 215]. This Motion is ripe for adjudication. *See* E.D. Tenn. L.R. 7.1(a)

Accordingly, for the reasons more fully explained below, the undersigned **RECOMMENDS** that Plaintiff's Motion [**Doc. 212**] be **DENIED**.

### I. BACKGROUND

The Court has previously summarized the facts of this case [Doc. 102], and for purposes of the instant motion, they need not be repeated in full. In brief, Plaintiff began her employment with Defendant as a cook beginning May 1, 2017 [Doc. 1 ¶ 2]. She alleged that from approximately "December 13, 2018 continuously until April 6, 2019, [she] was harassed by [her] kitchen supervisor, []John Mike Morrison[]" [*Id.* ¶ 6(c)]. She filed her Complaint in this case on March 22, 2021 [Doc. 1], after the Equal Employment Opportunity Commission ("EEOC") issued a right to sue letter [*See* Doc. 1-3]. In the Complaint, Plaintiff alleged hostile work environment

and retaliation claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2000e17 [*See generally* Doc. 1]. Among other relief, Plaintiff sought prejudgment interest in the Complaint [*Id*. at 6].

On January 24, 2025, the parties submitted a proposed pretrial order [Doc. 180]. It does not mention Plaintiff's request for prejudgment interest [*Id*.]. Approximately four days later, Plaintiff submitted her trial brief, which asserts that if she prevails, she is entitled to it "on all damages and equitable relief awarded" [Doc. 190 p. 10 (citations omitted)]. Later, on January 30, 2025, Judge Crytzer entered the parties' pretrial order [Doc. 193].

On February 10, 2025, the parties proceeded to Phase I of the trial [Doc. 195]. On February 13, 2025, the jury returned a verdict in favor of Plaintiff on her hostile work environment claim but not on her retaliation claim [Doc. 201]. The trial then continued to Phase II. Defendant made a Rule 50 Motion for Judgment as a Matter of Law at the conclusion of Plaintiff's proof, which the Court granted in part as to front pay [Doc. 203]. On February 14, 2025, the jury awarded Plaintiff $314.22[1] in back pay and benefits and $179,000.00 in compensatory damages [Doc. 206]. That same day, the Court entered an Order of Reinstatement [Doc. 208][2] and Judgment [Doc. 209] in favor of Plaintiff. The Judgment does not mention prejudgment interest [*Id*.].

Seven days later, on February 21, 2025, Plaintiff filed the instant motion seeking prejudgment interest on her backpay award [Doc. 212].

---

[1] The awarded amount was for the five-week period after April 6, 2019 [Doc. 206 p.1].

[2] As reflected in the Court's Order, Plaintiff orally moved for an order of reinstatement at trial, and Defendant did not oppose [Doc. 208 p.1].

2

## II. POSITIONS OF THE PARTIES

Citing Rule 54(d)(1) of the Federal Rules of Civil Procedure, Plaintiff states she is requesting prejudgment interest, "at the statutory rate(s), compounded annually" from April 6, 2019—the stipulated date of her employment termination—until February 14, 2025—the date of Judgment [*Id.* ¶ 9]. In support of her motion, Plaintiff states that "it is well settled law (particularly in the [Sixth] Circuit) that she is entitled to interest on backpay" [*Id.* ¶ 6 (citations omitted)].

Defendant responds asserting that "Plaintiff's reliance on Rule 54(d)(1) is misguided" [Doc. 213 p. 4]. According to Defendant, Rule 54(d)(1) relates to costs and is not "the property vehicle to seek an award of pre-judgment interest" [*Id.*]. It argues that Plaintiff's motion should be denied for two additional reasons: 1) it does not satisfy Rule 59(e), "because Plaintiff failed to include a request for pre-judgment interest as a form of relief in the Agreed Pre-Trial Order . . . [Doc. 193] and 2) "Plaintiff failed to request that a line for pre-trial interest be included in the verdict form submitted to the jury" [*Id.* at 1].

Plaintiff replies maintaining that her motion was timely filed pursuant to Rule 54(d)(1), and not brought pursuant Rule 59, as interest on back pay "is essentially an element of costs, and is not an 'alteration of the [j]udgment'" [Doc. 215 p. 2 (emphasis omitted)]. She notes that she included a request for back pay in her Complaint and for interest in her Amended Trial Brief [*Id.* (citations omitted)]. Plaintiff adds that "because [p]rejudgment [i]nterest is a 'creature of statute' (and case law)" and within the Court's discretion, it would not have been appropriate to include such a request on the jury verdict form [*Id.* at 2–3].

## III. ANALYSIS

"[P]rejudgment interest is an element of complete compensation[.]" *West Virginia v. United* States, 479 U.S. 305, 310 (1987); *see Pogor v. Makita U.S.A., Inc.*, 135 F.3d 384, 387 (6th

3

Cir. 1998) (explaining that "prejudgment interest traditionally has been considered part of the plaintiffs' overall compensation" (citation omitted)). The Sixth Circuit has "long recognized that the district court may [award prejudgment interest] at its discretion in accordance with general equitable principles." *Rybarczyk v. TRW, Inc.*, 235 F.3d 975, 985 (6th Cir. 2000) (quoting *Ford v. Uniroyal*, 54 F.3d 613, 616 (6th Cir. 1998)). It has also explained motions for prejudgment interest are brought under Rules 59(e) or 60(a). *See Pogor v. Makita U.S.A., Inc.*, 135 F.3d 384, 387 (6th Cir. 1998); *see EPAC Techs., Inc. v. HarperCollins Christian Publ'g, Inc.*, No. 3:12-CV-00463, 2021 WL 1213161, at *1 (M.D. Tenn. Mar. 31, 2021) ("In the federal courts, 'a postjudgment motion for discretionary prejudgment interest constitutes a motion to alter or amend the judgment under Rule 59(e).'" (quoting *Osterneck v. Ernst & Whinney*, 489 U.S. 169, 175 (1989)); *Whitesell Corp. v. Whirlpool Corp.*, No. 1:05-CV-679, 2010 WL 11537526, at *5–6 (W.D. Mich. June 11, 2010) (noting that "a motion to add prejudgment interest to the judgment may be treated as a motion to correct an omission from the judgment under Rule 60(a) in some circumstances").

Here, Plaintiff has specifically and unequivocally invoked Rule 54 as the basis for her motion seeking prejudgment interest. Indeed, she asserts:

> Despite Defendant's claims to the contrary, Plaintiff did indeed file its "Motion for Award of Back Pay" <u>specifically pursuant to</u> **Fed. R. Civ. P. 54**, <u>not</u> **Fed. R. Civ. P. 59**, because Interest on Back Pay is essentially an element of costs, and is ***not*** an "alteration of the Judgment." Indeed, <u>Plaintiff is quite satisfied with the existing Judgment, and</u> **has no desire whatsoever to alter or amend the Judgment.**

[Doc. 215 p. 2 (emphasis in original)].

Rule 54(d)(1) provides that "costs—other than attorney's fees—shall be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). Rule 54(d)(1) costs "are confined to the costs itemized in 28 U.S.C. § 1920." *In re Cardizem CD Antitrust Litig.*, 481 F.3d 355, 359 (6th Cir. 2007)

(citation omitted). Section 1920 provides that a court may tax as costs the following: (1) fees of the clerk and marshal; (2) fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) fees and disbursements for printing and witnesses; (4) fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case; (5) docket fees under 28 U.S.C. § 1923; and (6) compensation for court appointed experts and interpreters, as well as costs for certain interpretative services. 28 U.S.C. § 1920. Plaintiff's request for prejudgment interest on her backpay damages is not authorized by Rule 54(d).

While "a request for costs raises issues wholly collateral to the judgment in the main cause of action," *Buchanan v. Stanships, Inc.*, 485 U.S. 265, 268–69 (1988) (citations omitted), a postjudgment motion for discretionary prejudgment interest requires "reexamin[ation of] matters encompassed within merits of the underlying action." *Osterneck v. Ernst & Whinney*, 489 U.S. 169, 175–76 (1989) (distinguishing prejudgment interest from attorneys' fees or costs). Plaintiff's intentional Rule 54(d) motion cannot be construed to act as a substitute for a proper motion. The plain language of her motion makes it abundantly clear that she is seeking prejudgment interest as an element of cost, "with no desire whatsoever to alter or amend the Judgment" [Doc. 215 p. 2 (emphasis omitted)]. Unlike a Rule 59 or Rule 60 request, Plaintiff's motion does not seek a modification to the Judgment, and therefore, the undersigned recommends her request for prejudgment interest be denied. Given this recommendation, the undersigned need not address the parties' remaining arguments.[3]

---

[3] For instance, Plaintiff argues that she included prejudgment interest in her Complaint and her pretrial brief [Doc. 215 p. 2 (citations omitted)], while Defendant argues that prejudgment interest was not on the verdict form or included in the pretrial order [Doc. 213 p. 4]. But such arguments are generally considered when courts determine whether Rule 59 or Rule 60 governs the plaintiff's request for prejudgment interest. *See Schlosser v. VRHabilis, LLC*, No. 3:20-CV-

5

## IV. CONCLUSION

For the reasons set forth above, the Court **RECOMMENDS**[4] Plaintiff's Motion for Award of Prejudgment Interest of Back Pay [**Doc. 212**] be **DENIED**.

Respectfully submitted,

_Debra C. Poplin_
Debra C. Poplin
United States Magistrate Judge

---

190, 2024 WL 1600671, at *14 (E.D. Tenn. Feb. 1, 2024) (explaining how courts construe prejudgment interest motions), *report and recommendation adopted*, No. 3:20-CV-190, 2024 WL 1071871 (E.D. Tenn. Mar. 12, 2024). Plaintiff did not file a Rule 59 or Rule 60 motion.

[4]  Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Civ. P. 72(b)(2). Such objections must conform to the requirements of Federal Rule of Civil Procedure 72(b). Failure to file objections within the time specified waives the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140, 153-54 (1985). "[T]he district court need not provide *de novo* review where objections [to the Report and Recommendation] are '[f]rivolous, conclusive or general.'" *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (quoting *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir.1982)). Only specific objections are reserved for appellate review. *Smith v. Detroit Fed. of Teachers*, 829 F.2d 1370, 1373 (6th Cir. 1987).