UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| ROSE GRIFFIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 3:21-CV-100-KAC-DCP |
| | ) | |
| THE COPPER CELLAR CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is United States Magistrate Judge Debra C. Poplin's "Report and Recommendation" ("Report") [Doc. 237], "Defendant's Objection In Part to the Report and Recommendation" [Doc. 242], and "Plaintiff's Response in Opposition to Defendant's Objection" [Doc. 243]. The Report recommends that the Court (1) grant Plaintiff Rose Griffin's "Motion for Award of Attorneys' Fees and Expenses" [Doc. 210] in part and deny the Motion in part, (2) award Plaintiff $480,364.50 in attorneys' fees and $3,808.18 in litigation expenses, and (3) order Plaintiff to file a bill of costs [*See* Doc. 237 at 1]. Defendant The Copper Cellar Corporation raised three objections [*See* Doc. 242]. As set forth below, the Court (1) overrules Defendant's objections regarding the numbers of hours expended by Plaintiff's attorneys George T. Underwood and Roger D. Hyman, (2) sustains Defendant's objection regarding a bill of costs, and (3) accepts and adopt the relevant portions of the Report.

**I.  Background**

After a trial, a jury found Defendant liable for Plaintiff's hostile work environment claim but not her retaliation claim [*See* Doc. 201]. The two claims were related to one another, and both claims were premised on the sexual harassment a coworker who worked with Plaintiff at one of

Defendant's restaurants inflicted on Plaintiff [*See* Doc. 193]. The evidence introduced at trial, too, was integral to both claims. The jury ultimately awarded Plaintiff $314.22 in back pay and benefits and $179,000.00 in compensatory damages [*See* Doc. 206]. The Court entered an unopposed Order of Reinstatement [*See* Doc. 208]. And the Court entered judgment on February 14, 2025 [*See* Doc. 209].

Plaintiff filed a "Motion for Award of Attorney's Fees and Expenses" [Doc. 210]. Defendant opposed [*See* Doc. 214]. The Report recommends that the Court grant Plaintiff's Motion in part and deny it in part and order Plaintiff to file a bill of costs [*See* Doc. 237 at 1].

Defendant raises three (3) objections to the Report [*See* Doc. 242 at 2-8]. ***First***, Defendant objects to the Report's failure to reduce Attorney Underwood's hours because the number of hours expended were not reasonable [*See id.* at 2-5]. ***Second***, Defendant objects to the Report's failure to reduce Attorney Hyman's hours (a) "for the same reason" that it objects to Attorney Underwood's hours and (b) for work Defendant deems educational or duplicative [*See id.* at 6-7]. ***Last***, Defendant objects to the recommendation that Plaintiff be required to file a bill of costs because Plaintiff has now filed a bill of costs [*See id.* at 7-8].

II.     **Analysis**

When considering a report and recommendation, a district court must "modify or set aside any part of the order that is clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a); *see also* 28 U.S.C. § 636(b)(1)(A). This standard "provides considerable deference to the determinations of magistrate[]" judges. *In re Search Warrants Issued Aug. 29, 1994*, 889 F.Supp. 296, 298 (S.D. Ohio 1995) (internal citations omitted). The Court reviews factual findings for clear error and reviews conclusions of law de novo. *Bisig v. Time Warner Cable, Inc.*, 940 F.3d 205, 219 (6th Cir. 2019). A factual finding is clearly erroneous if the Court "is left with the definite and firm

conviction that a mistake has been" made. *Id.* at 219 (cleaned up). "The question is not whether the finding is the best or only conclusion that can be drawn from the evidence." *Heights Cmty. Cong. v. Hilltop Realty, Inc.*, 774 F.2d 135, 140 (6th Cir. 1985). Rather, a magistrate judge's factual finding will be upheld if there is evidence in the record to support it and the construction of that evidence is reasonable. *Id.* In contrast, a legal conclusion is contrary to law if "it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Bisig*, 940 F.3d at 219 (internal citations omitted).

***First***, there is no error in the calculation of the number of hours Attorney Underwood reasonably expended. When determining the reasonableness of an attorney's fees, "the most critical factor is the degree of success obtained." *Ne. Ohio Coal. for the Homeless v. Husted*, 831 F.3d 686, 703 (6th Cir. 2016) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 436 (1983)). The law does not require a judge to "achieve auditing perfection;" "rough justice" will do. *See id.* (cleaned up) (quoting *Fox v. Vice*, 563 U.S. 826, 838 (2011)). Importantly, "the presence of . . . unsuccessful claims does not immunize a defendant against paying for the attorney's fees that the Plaintiff reasonably incurred in remedying a breach" of her rights. *Fox*, 563 U.S. at 834.

Here, Defendant is liable for Plaintiff's hostile work environment claim. And the evidence and facts at trial that supported Plaintiff's hostile work environment claim were part and parcel of the evidence offered to support her retaliation claim. Put simply, the claims arose out of the same events and a common set of facts. The Court, therefore, cannot reasonably decouple the work required to prosecute the hostile work environment claim from the retaliation claim. And the lack of success on the retaliation claim does not merit a reduced fee in this circumstance. *See Isabel v. City of Memphis*, 404 F.3d 404, 416 (6th Cir. 2005) (rejecting an argument for reduced fees where plaintiffs "did not succeed on three of their four claims" but "the arguments were made on a

3

common set of facts and success on just one of the arguments would achieve the hoped-for results").

Nor does Attorney Underwood's continued work after Defendant made a low offer of settlement warrant a reduced fee award. Defendant's argument boils down to an assertion that Plaintiff should have accepted one of the offers of settlement it made and settled the case earlier without a trial [*See* Doc. 242 at 3]. But Defendant's September 2022 offer of compensatory damages was significantly less than what the jury ultimately awarded Plaintiff at trial [*See* Doc. 214 at 15 (noting an offer of $21,029.53 for compensatory damages)]. This is not a case where the judgment is "well under the money offered to settle the case." *See McKelvey v. Sec'y of U.S. Army*, 768 F.3d 491, 495 (6th Cir. 2014). In fact, the jury's verdict might be viewed to suggest that Defendant undervalued this case. Plaintiff's decision to continue forward proved to be reasonable. And counsel's continued work to vindicate Plaintiff's rights is compensable.

**Second**, there is no error in the calculation of the number of hours Attorney Hyman, Attorney Underwood's cocounsel, reasonably expended. As an initial matter, the Court rejects the arguments that Defendant made for Attorney Underwood that are the "same" for Attorney Hyman on the bases set forth above [*See* Doc. 242 at 6]. Further, to the extent that Defendant objects to specific work Attorney Hyman did "reviewing the file," "educating himself about the case," and purportedly "duplicating work," that objection fails too [*See id.*].

"Multiple-lawyer litigation is common and not inherently unreasonable." *Ne. Ohio Coal.*, 831 F.3d at 704 (citations omitted). This is especially true in this district when counsel is preparing a case for trial. "There is no hard-and-fast rule as to how many lawyers can be at a meeting or how many hours lawyers can spend discussing a project." *Id.* at 706 (citation omitted). But when assessing a request for fees, the Court properly considers "whether the case is overstaffed." *See id.*

4

at 704 (citation and quotation omitted); *see also Jones v. Cent. Soya Co.*, 748 F.2d 586, 594 (11th Cir. 1984) ("A reduction in a fee is warranted only if the attorneys are *unreasonably* doing the *same* work. An award for time spent by two or more attorneys is proper as long as it reflects the distinct contribution of each lawyer to the case and the customary practice of multiple-lawyer litigation." (cleaned up)).

Here, the entries about which Defendant complains occurred in October and November 2024, as this case was ramping up for trial [*See* Doc. 242 at 6]. To be effective at trial, Attorney Hyman had to prepare for trial. He specifically documented his time performing that work. In addition, his cocounsel had already spent multiple years litigating this case. So, Attorney Hyman reasonably met with cocounsel to discuss the historical litigation of the action and plan forward-looking strategies. Upon review of the detailed invoices Plaintiff provided for her attorneys' work, Defendant's "conclusory . . . allegations" that Attorney Hyman's time during this trial preparation phase was unreasonable "do not establish error." *See Ne. Ohio Coal.*, 831 F.3d at 706 (cleaned up). So, the Report's recommendation is not "clearly erroneous" or "contrary to law." *See* Fed. R. Civ. P. 72(a).

**Third**, the Report recommends that Plaintiff "be directed to file a Bill of Costs" [Doc. 237 at 30]. At the time Plaintiff filed her Motion, she had not yet filed a bill of costs. But she subsequently filed an untimely bill of costs [*See* Doc. 219]. *See* E.D. Tenn. L.R. 54.1 (instructing the prevailing party to file a bill of costs "within twenty-one (21) days from the entry of judgment"). And she has since filed two supplements [*See* Docs. 227, 229]. Because Plaintiff has now filed a bill of costs,[1] the Court sustains Defendant's objection to this portion of the Report.

---

[1] The Court will separately address Plaintiff's bill of costs [*See* Docs. 219, 226, 227, 228, 229].

### III. Conclusion

For the reasons above, the Court (1) **OVERRULES** Defendant's objections regarding the numbers of hours expended by Attorneys Underwood and Hyman, (2) **SUSTAINS** Defendant's objection regarding a bill of costs, and (3) **ACCEPTS** and **ADOPT** the relevant portions of the Report. *See* 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a). And the Court **GRANTS** Plaintiff's "Motion for Award of Attorneys' Fees and Expenses" [Doc. 201] **in part** and **DENIES** the Motion **in part** as set forth in the Report.

SO ORDERED.

_____
KATHERINE A. CRYTZER
United States District Judge