UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

ROSE GRIFFIN,                              )
                                           )
            Plaintiff,                     )
                                           )
v.                                         )            3:21-CV-100-KAC-DCP
                                           )
THE COPPER CELLAR CORPORATION,             )
                                           )
            Defendant.                     )

**MEMORANDUM OPINION AND ORDER**

Before the Court is (1) United States Magistrate Judge Debra C. Poplin's January 12, 2026 "Report and Recommendation" ("Report") [Doc. 257] recommending that the Court grant in part and deny in part Plaintiff Rose Griffin's "Motion for Award of Attorneys' Fees Specific Only to Defendant's Rule 59(e) Motion" [Doc. 236] and (2) Defendant The Copper Cellar Corporation's Objections to the Report [Doc. 258]. For the reasons below, the Court overrules Defendant's Objections, adopts the relevant portions of the Report, and grants in part and denies in part Plaintiff's "Motion for Award of Attorneys' Fees Specific Only to Defendant's Rule 59(e) Motion" [Doc. 236].

I.      **Background**

After a four (4) day trial, a jury found Defendant liable on Plaintiff's hostile work environment claim and awarded Plaintiff back-pay and compensatory damages [*See* Doc. 201]. During trial, Plaintiff was represented by Attorneys George T. Underwood and Roger D. Hyman. Paralegal Danny Ostrom assisted them. After the jury rendered its Verdict, the Court entered judgment [*See* Doc. 209]. Because Plaintiff was a "prevailing party" at it relates to at least one of her claims, she was entitled to seek attorneys' fees. *See* 42 U.S.C. § 2000e-5(k).

Defendant subsequently filed a "Motion to Alter or Amend the Judgment" under Rule 59(e) [Doc. 217]. Defendant attacked the Jury's damages award [*See* Doc. 217]. As relevant here, Defendant specifically argued that the Court should (1) vacate the jury's back-pay award and (2) reduce the jury's compensatory damages award because Plaintiff "failed to prove that she sustained mental or emotional damage" and "because the amount awarded [wa]s not proportional to the purported injury" [*See generally* Doc. 234 at 3-7]. Plaintiff opposed the Motion [Doc. 221]. And the Court denied Defendant's Motion [Doc. 234].

Plaintiff then filed a "Motion for Award of Attorneys' Fees" related only to Defendant's Motion to Alter or Amend the Judgment [Doc. 236].[1] The Court referred that Motion for Attorneys' Fees to Judge Poplin [Doc. 249]. The Report recommended that the undersigned grant that Motion for Attorneys' Fees in part and deny it in part [*See* Doc. 257 at 1]. As relevant here, the Report concluded that Plaintiff's attorneys' billing records were not vague or duplicative and were related to their work specifically on Defendant's Rule 59(e) motion [*See generally* Doc. 257]. Defendant objected to the Report, arguing that (1) Attorney Underwood's time sheets are "vague" and incomplete" and should result in a reduction in the fee, (2) Attorney Underwood and Attorney Hyman's billing is "duplicative," and (3) Attorney Hyman's "time entries" contain "irreconcilable discrepancies" [*See* Doc. 258 at 2]. Plaintiff responded [Doc. 261].

II.     <u>Analysis</u>

Under 28 U.S.C. § 636(b)(1), a district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). If a Party makes a timely objection and that objection is not "frivolous, conclusive[,] or general,"

---

[1] Plaintiff's first motion for attorneys' fees is not at issue here [*See* Doc. 246 (adjudicating that motion)].

*Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986), "the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which [the] objection is made," 28 U.S.C. § 636(b)(1)(C), Fed. R. Civ. P. 72(b)(3). The Court addresses Defendant's objections by topic raised.

*First*, Defendant generally objects that several of Attorney Underwood's time records are "vague and incomplete" and thus should result in a reduced fee [*See* Doc. 258 at 2]. Plaintiff's counsel "bears the burden of establishing entitlement to an award and documenting the appropriate hours expended." *See Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). To meet that burden, counsel need not "record in great detail how each minute of his time was expended." *Id.* at n.12. He "should identify the general subject matter of his time expenditures." *Id.*; *see also U.S. ex rel. Lefan v. Gen. Elec. Co.*, 397 F. App'x 144, 149 (6th Cir. 2010) ("[E]ntries may be sufficient 'even if the description for each entry [is] not explicitly detailed.'" (quoting *McCombs v. Meijer, Inc.,* 395 F.3d 346, 360 (6th Cir.2005))). "Block-billing" is "sufficient" "so long as the description of the work performed is adequate." *See Smith v. Serv. Master Corp.*, 592 F. App'x 363, 371 (6th Cir. 2014).

Attorney Underwood's entries meet this standard. True, Attorney Underwood could have recorded his time more precisely. Some of the entries in his time sheet contained phrases like "Discussion with," "Correspondence with" "Telephone conference with," and "Meeting with" not specifically connected to an individual with whom he was interacting [*See, e.g.*, Doc. 236-1 at 10]. But in context, his time sheet and accompanying Declaration indicate that he was working on matters related to Plaintiff's response to Defendant's Rule 59(e) Motion when undertaking this work [*See* Docs. 236-1 at 1-10]. To start, Attorney Underwood's Declaration, submitted under penalty of perjury, provides that his time sheet was "specific only to" time he spent related to

3

Defendant's Rule 59(e) Motion [*See id.* at 6-7]. Adding to that, Attorney Underwood's March 14, 18, and 19 entries each specifically reference Defendant's Rule 59(e) Motion by name [*See* Doc. 236-1 at 10]. His March 15 and August 8 entries are less specific [*See id.*]. But his sworn Declaration and the relevant context fill the gap. The August 8 entry specifically indicates that Attorney Underwood "provided client with copies of the Court's Orders and had a follow up call answering her questions" [*Id.*]. On August 8, the Court issued its "Memorandum Opinion and Order" denying Defendant's Rule 59(e) Motion [*See* Doc. 234]. So, Attorney Underwood's time entries are not impermissible vague. *See Hensley*, 461 U.S. at 437, n.12.

**Second**, Defendant objects that Attorney Underwood and Attorney Hyman's "engaged in nearly identical activities" rendering their billing duplicative [*See generally* Doc. 258]. "Multiple-lawyer litigation is common and not inherently unreasonable." *Ne. Ohio Coal. for the Homeless v. Husted*, 831 F.3d 686, 704 (6th Cir. 2016) (citations omitted). "There is no hard-and-fast rule as to how many lawyers can be at a meeting or how many hours lawyers can spend discussing a project." *Id.* at 706 (citation omitted). But when assessing a request for fees, the Court properly considers "whether the case is overstaffed." *See id.* at 704 (citation and quotation omitted); *see also Jones v. Cent. Soya Co.*, 748 F.2d 586, 594 (11th Cir. 1984) ("A reduction in a fee is warranted only if the attorneys are *unreasonably* doing the *same* work. An award for time spent by two or more attorneys is proper as long as it reflects the distinct contribution of each lawyer to the case and the customary practice of multiple-lawyer litigation." (cleaned up) (emphasis in original)). Importantly, the law does not require a judge to "achieve auditing perfection;" "rough justice" will do. *See id.* (cleaned up) (quoting *Fox v. Vice*, 563 U.S. 826, 838 (2011)).

Boiled down, Defendant's Rule 59(e) Motion attacked the jury's verdict based on the evidence elicited during a four (4) day trial [*See* Doc. 234]. To adequately respond to the Motion,

Plaintiff's attorneys reasonably needed to review and consider four (4) days of trial testimony, [*see* Docs. 195-98, 222-25], perform legal research, and draft a thorough response, [*see* Doc. 261 at 5-9]. It is not unreasonable for two (2) attorneys who both tried the case to collaborate on a task of this significance in the way described in their respective time sheets. So, the entries are not impermissibly duplicative.

*Finally*, for the first time in its Objections, Defendant identified some specific purported "discrepancies" in Attorney Hyman's time entries [*Compare* Doc. 258 *with* Doc. 239 at 5-6]. The Court does not ordinarily consider arguments that are not specifically raised before the magistrate judge. *See Murr v. United States*, 200 F.3d 895, n.1 (6th Cir. 2000) (noting that "while the Magistrate Judge Act" "permits de novo review by the district court if timely objections are filed, absent compelling reasons, it does not allow parties to raise at the district court stage new arguments or issues that were not presented to the magistrate"). Defendant has provided no compelling reasons to do so here. So, the Court overrules these objections on that basis.

But even on the merits, these "discrepancies" are easily dispatched. Defendant first argues that a discrepancy exists on March 15 because Attorney Underwood's time sheet indicates that Attorney Underwood consulted with him on March 15, but Attorney Hyman's records purportedly "do not identify any work performed on March 15" [*See* Doc. 258 at 4-5]. Not so. Attorney Hyman's March 15 records read: "consultation w/ GTU, rev'd Memos prepared by GTU; legal research; add'l. work on Draft of *Plaintiff's Response Brief to Defendant's Rule 59(e) Motion to Alter or Amend a Judgment*" [*See* Doc. 236-2 at 9]. Attorney Underwood's initials are "GTU."

Defendant next argues that "Attorney Underwood's time sheet" on March 18 does not "reflect the telephone call that Attorney Hyman recorded" on that date [*See* Doc. 258 at 6]. It does.

5

Attorney Underwood's March 18 entry reads "correspondence with; RDH" [*See* Doc. 236-1 at 10]. Attorney Hyman's initials are "RDH."

Finally, Defendant argues that "the chart" appended to Attorney Hyman's Declaration "does not show any time billed on March 18" and is inconsistent with his time billed on March 19 [*See* Doc. 258 at 6-7]. True—in part—but that's not the whole story. As Attorney Hyman's Declaration states, the "chart" reflects Paralegal Ostrom's billing—not Attorney Hyman's [*See* Doc. 236-2 at 7-8, 11 (noting that "[t]he '*TimeSheet*' for our Law Firm's Paralegal (*i.e.*, Mr. Danny Ostrom) is also attached hereto")]. Accordingly, even if there were reason to forgive Defendant's failure to raise these specific alleged discrepancies before the magistrate judge, the arguments fail on the merits.

## III.   Conclusion

For the reasons above, the Court (1) **OVERRULES** Defendant's Objections to the Report [Doc. 258]; (2) **ACCEPTS** and **ADOPTS** the relevant portions of the Report [Doc. 257], and (3) **GRANTS** Plaintiff's "Motion for Award of Attorneys' Fees Specific Only to Defendant's Rule 59(e) Motion" [Doc. 236] **in part** and **DENIES** the Motion **in part**.

SO ORDERED.

_____
KATHERINE A. CRYTZER
United States District Judge

6